CLAY, Circuit Judge,
concurring.
While I agree with the conclusion that the majority reaches, I write separately to emphasize that an expert witness’ competency may be relevant to an assessment of counsel’s performance under Strickland. In order to determine whether counsel’s decision to employ a particular expert was reasonable under prevailing professional norms, see Strickland, 466 U.S. at 689, 104 S.Ct. 2052, the court must ask whether counsel knew, or would have learned after reasonable investigation, that the expert was either incompetent or not properly suited for the requirements of the case, see id. at 691, 104 S.Ct. 2052. This inquiry necessarily requires the court to consider *526 whether counsel knew or, in the exercise of reasonable diligence should have known, of the expert’s incompetency; however, it may also require a court to consider whether the expert was competent. See Skaggs v. Parker, 235 F.3d 261, 270 (6th Cir.2000) (holding that counsel performed deficiently where counsel witnessed expert’s incompetence firsthand at trial and nonetheless recalled the expert to the testify at the penalty phase).
In this case, Plaintiffs ineffective assistance of counsel claim fails because she cannot demonstrate that her counsel knew, or would have learned after reasonable investigation, that Dr. Rosewater’s testimony was either below the standard of professional care or unsuited for Plaintiffs case. The fact that the state’s expert took a different approach than Dr. Rosewater was insufficient to put counsel on notice that Dr. Rosewater may not have been an appropriate expert witness under the circumstances. Similarly, Dr. Bley’s affidavit evidences only that experts disagree on Battered Woman’s Syndrome, and not that Dr. Rosewater’s testimony was incorrect.
Nonetheless, Dr. Bley’s affidavit is not irrelevant to counsel’s performance simply because it was presented in post-conviction proceedings. While counsel could not have been aware of Dr. Bley’s opinion at trial, counsel had an obligation to conduct a reasonable investigation into the trial experts’ qualifications. Cf. Skaggs, 235 F.3d at 268 (“[Counsel] located [the expert] and retained his services in much the same way many trial attorneys obtain an expert: through recommendations from colleagues and general familiarity within the legal community ... considering counsel’s general familiarity with [the expert] and [counsel]’s utilization of [the expert] in the past, we hold that counsel’s failure to conduct a full blown investigation ... did not fall below an objective standard of reasonableness.”). In some cases, such investigations into competency of experts may require counsel to recognize the existence of conflicting expert opinions. Counsel’s failure to properly investigate trial experts’ background and qualifications cannot later shield counsel from the presentation of conflicting expert opinions in post-conviction proceedings. In this case, however, Dr. Bley’s affidavit is irrelevant because it does not establish that counsel failed to conduct an adequate investigation, or that Dr. Rosewater was unsuited to testify on this case, but only that one expert, Dr. Bley, would have testified differently.